**OFFICE OF THE FEDERAL PUBLIC DEFENDER**
**DISTRICT OF MARYLAND**
SOUTHERN DIVISION
6411 IVY LANE, SUITE 710
GREENBELT, MARYLAND   20770
TEL:   (301) 344-0600
FAX:   (301) 344-0019

JAMES WYDA
FEDERAL PUBLIC DEFENDER

LAUREN E. CASE
APPELLATE ATTORNEY

June 17, 2016

The Honorable J. Frederick Motz
United States District Judge
United States District Court for the District of Maryland
101 West Lombard Street
Baltimore, MD 21201

**Reply to Government's Response in Opposition to Defendant's Motion for Reduced Sentence under 18 U.S.C. § 3582(c)(2) and Amendment 782 to the U.S. Sentencing Guidelines**

Re: _United States v. Corey Woodfolk,_ Case No. JFM-93-0419

Dear Judge Motz:

Please accept this letter as a reply to the Government's opposition to Mr. Woodfolk's Motion for a Reduced Sentence under 18 U.S.C. § 3582(c)(2) and Amendment 782 to the United States Sentencing Guidelines.

In its opposition, the Government agrees that Mr. Woodfolk is eligible for relief under 18 18 U.S.C. **§** 3582(c)(2) and Amendment 782, but maintains that a "mere" sentence of 27 years (324 months) is inappropriate in this case. Instead, it contends that a sentence of over 33 years (400) months is appropriate. According to the Government, Mr. Woodfolk's post-sentencing rehabilitative efforts (which it does not, nor could it, dispute) in the 22 ½ years he has been incarcerated are worthy of a five-month reduction from the high-end of the guideline range, 405 months. For the reasons stated below, the Government's request is neither legally nor factually sound.

**Legal Standard**

Mr. Woodfolk agrees that, under the commentary to U.S.S.G. § 1B1.10, the Court is required to consider "the nature and seriousness of the danger to any person or community that may be posed by a reduction in the sentence." To address this requirement, Mr. Woodfolk, directed the Court to a letter of support from Warden Recktenwald, the warden of FCI Otisville. Noticeably absent from the Government's Opposition is any mention of Mr. Recktenwald's assessment of Mr. Woodfolk. However, this Court should not overlook the Bureau of Prisons' assessment of this public safety factor. In addition, Mr. Woodfolk has not had an incident report in over 20 years and while incarcerated, has never been involved in any violence, drug use or

insubordination to correctional staff. His efforts with Young Men Incorporated, counseling young gang members to "put down their colors" and live more productive lives speak volumes about the person Mr. Woodfolk has become. Counseling gang members comes at a personal cost to counselors, who are often chastised by other inmates who do not want to follow this path. Despite the fact that he put himself in harm's way by this outreach, Mr. Woodfolk continued to do so. Accordingly, the public safety factor does not support the Government's requested sentence; rather it supports Mr. Woodfolk's requested sentence of 324 months. *See Pepper v. United States*, 131 S.Ct. 1229, 1242 (2011)("In assessing at least three of the Section 3553(a) factors, deterrence, protection of the public and rehabilitation, 18 U.S.C.3553(a)(2)(B)(C) & (D), there would seem to be no better evidence than a defendant's post-incarceration conduct").

In addition, in support of its 400 month request, the Government cites to the fact that, under the commentary to the § 1B1.10, the Court *may*, but is not required, to consider a defendant's post-sentencing conduct. Why the Government would not want a court to consider a defendant's post-sentencing conduct is not clear. In any event, both the commentary to § 1B1.10 and § 3582(c)(2) provide that the court *shall* consider the familiar § 3553(a) factors. In other words, the Court, in ruling on an Amendment 782 motion does not have discretion to consider or not consider § 3553(a). Thus, the distinction that the Government relies upon is really a distinction without a difference.

It is undeniable that Mr. Woodfolk's drug offense to which he pleaded guilty in 1994 was serious. Mr. Woodfolk does not deny that the upward adjustments to his base offense level were also serious. This accounts for why Mr. Woodfolk's sentencing range, at the time of his 1994 sentencing, was 360 to life. In 1994, the Court could have sentenced Mr. Woodfolk to life, but it did not. The Government's and the Probation Office's recommendations ignore this simple fact. Moreover, their quest to impose a "proportional" sentence now to a sentence imposed over two decades ago ignores both the applicable law (from the Sentencing Commission, Congress and the Supreme Court) and the facts of this case. Indeed, even in the most violent of cases, courts in this district have reduced defendants' sentences by focusing on both the offense of conviction *and* a defendant's post-sentencing conduct. *See United States v. Lamont Allen*, Nos. MJG-92-0154/MJG-92, 0347 (D. Md. 2016)(ECF 485/ECF 48)(reducing defendant's life sentence imposed in 1994 under Amendment 782 in drug case involving murder of child and obstruction of justice where defendant's post-sentencing rehabilitation undercut the Government's argument that defendant presented a public safety risk); *United States v. Anthony Baumgarten, United States v. John Baumgarten, Jr., United States v. John Baumgarten, Sr.*, CCB-96-0483 (D. Md. 2015)(ECF 308)(reducing sentences in drug trafficking cases where defendants' good behavior while in BOP custody for nearly two decades undercut Government's argument that defendants posed public safety risk). As Judge Messitte recently observed in rejecting the Government's "proportional" percentage-based methodology in an Amendment 782 case and imposing a low-end (and non-proportional) sentence, Congress "requir[es] a court to impose a 'just' sentence"). *United States v. Alberto Espinosa*, PJM-97-0343 (D. Md. 2016)((ECF 459)(citing 18 U.S.C. § 3553(a)(2)). Mr. Woodfolk submits that a 27-year sentence, which punishes Mr. Woodfolk for horrible decisions, but also takes into account his post-offense conduct, is more than sufficient to provide justice in this case.

**Rehabilitation**

Mr. Woodfolk submits that his extraordinary post-sentence conduct is worth more than a five-month reduction from the high-end of the now-applicable guideline range. As the Supreme Court has noted, "[m]aturity can lead to that considered reflection which is the foundation for remorse, renewal, and rehabilitation." *Graham v. Florida*, 560 U.S. 48, 79 (2010). Notably, in Mr. Woodfolk's case, the vast majority of his rehabilitative efforts came long before the Sentencing Commission began any talks about the possibility of an across-the-board reduction for drug offenders. He therefore had no incentive to better himself while facing what can only be described as a life extinguishing sentence. *Cf. Gall v. United States*, 552 U.S. 38, 57 (2007)(noting that it is appropriate for a district court to place greater "weight" on a defendant's rehabilitative efforts before he had an incentive to do so, as compared to "a transparent attempt to build a mitigation case"); *see also Graham*, 560 U.S. at 79 (A "person who knows that he or she has no chance to leave prison before life's end has little incentive to become a responsible individual").

From the time that Mr. Woodfolk's incarceration began, and, on his own initiative, he began to participate in Drug Addiction and Framework for Recovery courses. *See* Pro Se 782 Motion, at 6. He was a facilitator and instructor in the "Young Men Incorporated" program which helped younger inmates change their lives. *Id.* at 7. Whether it was the "Victim Impact" program in 2012, the Residential Wiring, Real Estate Mortgage Broker, Commercial Driver's License course, or the many other programs that he has completed, his rehabilitative efforts began long before he had any incentive to become a responsible person. This is evidence that his commitment is real. Accordingly, Mr. Woodfolk's respectfully requests that this Court impose a sentence of the low-end of the now-applicable guideline range, 324 months.

**Prior Record**

Contrary to the Government's suggestion, Mr. Woodfolk is not asking the Court to re-calculate his criminal history category by bringing to the Court's attention the circumstances surrounding his attempted murder conviction, currently pending before the Fourth Circuit.[1] Mr. Woodfolk is not asking for the Court to invalidate any of his convictions, nor is it asking the Court to recalculate his criminal history category in light of errors or in light of defunct guideline provisions, that, today, would not apply. However, these circumstances remain relevant in determining the appropriate sentence within the undisputed guideline range of 324 to 405 months. The Government's statement that these circumstance are "irrelevant" (*se*e Govt's Opp. at 7) finds no support in 18 U.S.C. § 3553(a) which unmistakably governs in this case. Notably, the Government does not (nor could it) dispute that Mr. Woodfolk's lawyer also represented his co-defendant and that he pressured Mr. Woodfolk to take a plea so that Mr. Woodfolk's friend could go free. The Government's claim that Mr. Woodfolk, via his Amendment 782 motion, is

---

1 If one of his prior convictions (all of which occurred when Mr. Woodfolk was 18) is invalidated, Mr. Woodfolk would then be in Criminal History Category V. The category, when coupled with the now-applicable offense level of 36, produces a sentencing guideline range of 292 to 365 months.

asking for a full re-sentencing is without merit.

### Conclusion

In addition to the other programming information previously provided to the Court, Mr. Woodfolk would like the Court to know that, on June 20, 2016, he takes his final exam for accreditation in Business Administration from Baylor University. Counsel has observed remarkable examples of post-offense rehabilitation over the years, but she has never witnessed the level of change and accomplishment that Mr. Woodfolk has exhibited. On behalf of Mr. Woodfolk, counsel asks that the Court grant him an opportunity to put his keen analytical and communication skills to good use. For the reasons stated herein, and for the reasons counsel stated in her Motion for Reduction of Sentence, and for the reasons Mr. Woodfolk stated in his *pro se* Motion for Reduction of Sentence, we respectfully ask the Court to impose a sentence at the low-end of the now-applicable guideline range, 324 months.

Thank you for your thoughtful consideration of this matter.

Sincerely,
/s/
Lauren E. Case
Appellate Attorney

cc:    Debra L. Dwyer, Assistant U.S. Attorney