## UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

UNITED STATES OF AMERICA

Vs                                          **Crim No. JFM-93-0419**

COREY WOODFOLK

_____/

## MOTION TO TERMINATE SUPERVISED RELEASE

Corey Woodfolk, by and through counsel, Ivan J. Bates, Esq., and **Bates & Garcia, LLC**, pursuant to 18 U.S.C. §3583(e)(1), respectfully moves this Honorable Court for an Order granting Mr. Woodfolk early termination of his supervised release, and, as cause, states as follows:

**BACKGROUND**

1.      Following a guilty plea, on January 10, 1994, Mr. Woodfolk was sentenced to 50 years imprisonment by the Honorable J. Frederick Motz (retired), for conspiracy to distribute heroin. During his incarceration, Mr. Woodfolk, through programming, family support, and individualized achievement, made a remarkable change in his life. This change did not occur overnight, but was rather the product of many countless hours of self-reflection, remorse, and determination to be better.

2.      During his over 23 years of incarceration, Mr. Woodfolk achieved a Paralegal Diploma in general studies, as well as an advanced Diploma in Business and Corporate Law, from Blackstone School of Law. He also received a Certificate of Career Readiness in Venture Capitalism, from the Hankamer School of Business, Baylor University, as well as countless other certificates of achievement, course completions and studies, and mentorships. Mr. Woodfolk, with great personal consequence to himself, counseled young prison gang members to put down their flags, and to attend educational and work release programs that Mr. Woodfolk facilitated.

1

4.     Because of his many achievements and "commitment to change," the Warden at FCI Otisville, provided a letter of recommendation requesting that Mr. Woodfolk be granted early release, which was included as an exhibit to Mr. Woodfolk's Motion for Relief from Judgment, under 18 U.S.C. §3582(c).

5.     In ruling on Mr. Woodfolk's motion for relief, and after applying the 18 U.S.C. §3553(a) factors, Judge Motz recalled the nature of Mr. Woodfolk's crime, and granted relief stating that Mr. Woodfolk's efforts towards his "rehabilitation while incarcerated have been extraordinary." ECF No. 350.

6.     Since his release from prison, Mr. Woodfolk has made extraordinary efforts at integrating into society, and has been the model citizen. He has completed all supervisory requirements imposed by the Court, and has satisfied all probationary requests of his supervising agent, Mrs. Sheri Dyer. Mr. Woodfolk is gainfully employed and has been so since his release. What is exceptional, is his achievement in the legal field.

7.     Recently, Mr. Woodfolk prepared and assisted Gibson, Dunn & Crutcher, with argument and briefing in the matter of *Woodfolk v. Maynard*, 857 F.3d 531 (4th Cir. 2017), wherein he obtained reversal on no less than three issues argued before the Court. At oral argument, John E. Kelley, Assistant Attorney General for Maryland, stated for the record that Mr. Woodfolk's legal prowess and writing was "some of the best pro se writing [he] ha[d] ever seen." Mr. Kelley's sentiment was seconded by the Honorable Andre M. Davis (retired), noting also that Mr. Woodfolk's legal skills are exceptional.

8.     Currently, Mr. Woodfolk is employed at Bates & Garcia, LLC, and he also owns a small consulting company. He was first hired at Bates & Garcia as a clerk, and was given every opportunity to succeed by Mr. Ivan Bates. Mr. Woodfolk's duties included legal research, drafting motions, appellate litigation, coram nobis proceedings, habeas corpus and other post judgment motions, as well as ministerial duties that support the proper maintenance of the firm.

9.     Recently, Mr.     Woodfolk     was     promoted     to     General     Manager,     and oversees many of the daily legal operations of the firm. Just the other day, Mr. Bates and Mr. Woodfolk traveled to New Orleans, Louisiana, to argue a complex tax evasion case before the Fifth Circuit Court of Appeals. He is an active church member, and spends as much time as possible with his family, friends, children, and grandchildren. Last year, to his credit, Mr. Woodfolk was awarded the Black Wall Street Award (for outstanding achievement) by B-More News, which was attended by the Lieutenant Governor of Maryland.

**MODIFICATION OF CONDITIONS**

10.    The court may, after considering the factors set forth in section 3553(a)(1) et seq., terminate a term of supervised release and discharge the defendant at any time after the expiration of one year of supervised release, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice. §3582(e)(1); *United States v. Stevens*, No. MJG-12-0136, 2018 U.S. Dist. LEXIS 23116, at *2 (D. Md. Feb. 13, 2018). "Circumstances that justify early discharge [of supervised release] have included exceptionally good behavior that makes the previously imposed term of supervised release … 'inappropriately tailored to serve' the general punishment goals." *Folks v. United States*, 733 F. Supp. 2d 649, 651 (M.D.N.C. 2010) (citation omitted).

11.    Some district courts have found that "even perfect compliance with conditions of supervised release does not qualify" for early termination, e.g., *United States v. Etheridge*, 999 F. Supp. 2d 192, 196 (D.C. Cir. 2013), and require "unusual or extraordinary" character beyond following the requirements of his or her release. *United States v. Caruso*, 241 F. Supp. 2d 466, 469 (D.N.J. 2003). Mr. Woodfolk's achievements meet this high standard.

12.    It is truly the *exceptional* circumstance, one that we have not seen before, where a convicted felon, while in prison, educates himself to a level that provides him with the opportunity to be elevated to General Manager of a prominent law firm. To be sure, Mr. Woodfolk's daily activities require him to routinely converse and exchange information with U.S. Attorneys, as well as other law enforcement personnel. In short, Mr. Woodfolk has been provided with a trust that few, if any, with his background, will ever see.

3

13.     While the law is not clear about whether "extraordinary" conduct is required to satisfy the strictures of early termination, Mr. Woodfolk's achievements are "unusual" because of his background, and extraordinary because of his legal knowledge, dedication, and commitment to change.[1] Thus, consistent with the statutory language, Mr. Woodfolk's relief from supervision is in the "interest[s] of justice." §3583(e)(1).

## **CONCLUSION**

Mr. Corey Woodfolk respectfully asks that his term of supervision be terminated.

Respectfully submitted,

IVAN J. BATES, ESQ.
**Bates & Garcia, LLC**
201 N. Charles Street, Ste 1900
Baltimore, MD 21201
(410) 814-4600

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 5th day of December, 2018, I mailed a copy of the foregoing Motion to Terminate Supervised Release, first-class mail, postage pre-paid, to: Office of the U.S. Attorney, 36 S. Charles Street, Baltimore, MD 21201.

**IVAN J. BATES, ESQ.**

---

[1] Other courts have granted early termination absent extraordinary conduct, and relying more on the interests of justice. E.g., *United States v. Belle*, No. 3:05-cr-00021, 2012 U.S. Dist. LEXIS 86292 (W.D. Va. June 21, 2012); *United States v. Momon*, No. 4:92-CR-70-BO, 2018 U.S. Dist. LEXIS 69029 (E.D.N.C. April 23, 2018).

4